# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **(1) ROBERT A. BURNS**, an individual, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-1266-JD |
| **(1) BISON OILFIELD SERVICES, LLC**, a domestic limited liability company, | )<br>) JURY TRIAL DEMANDED<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

COMES NOW PLAINTIFF ROBERT A. BURNS, hereafter "PLAINTIFF" and for his complaint against Defendant Bison Oilfield Services, LLC, hereafter "DEFENDANT," alleges and states as follows:

### Preliminary Statement

1. This is a civil action alleging employment discrimination prohibited by federal statutes, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*.

2. Plaintiff also asserts pendent state law claims for wrongful termination, tortious breach of contractual relations and gross negligence.

3. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 28 U.S.C. § 1367.

4. Plaintiff timely filed a complaint and charge of discrimination with the Equal Employment Opportunity Commission and received from the Commission a notice of right to sue dated September 23, 2020 and mailed upon that same date.

5. Plaintiff has, within the 90 day time limit prescribed by statute, filed this action in this Court.

6. Plaintiff, Robert A. Burns, is a citizen of the United States currently residing in Woodward County, State of Oklahoma, and was at all times relevant to this action an employee of Defendant as defined by 29 U.S.C. § 630(f).

7. Defendant, Bison Oilfield Services, LLC, is an Oklahoma limited liability company headquartered in Oklahoma City, Oklahoma that does substantial business in Woodward County, State of Oklahoma.

8. Jurisdiction and venue are proper in this Honorable Court.

## Factual Allegations

9. On March 5, 2019, Plaintiff was terminated from his employment as a truck driver with Bison Oilfield Services after having worked there for approximately one year.

10. At the time of his termination, Plaintiff was over forty years of age and had always performed competently at his job.

11. In fact, Plaintiff was known to always perform his work skillfully and had never received any disciplinary write-ups or missed days before his job was terminated.

12. The manager who terminated Plaintiff's employment had never personally been on site to witness Plaintiff's work performance

13. At the time of his termination, Plaintiff was explicitly told by his firing manager that he was "too old," and that this was the reason for his termination.

## First Cause of Action

## Violation of the Age Discrimination in Employment Act

14. Plaintiff incorporates herein by reference paragraphs 1-13 as set forth above.

15. Plaintiff has been a loyal and effective worker for Defendant.

16. Plaintiff often showed up and performed work that younger employees of Defendant were either unable or unwilling to do.

17. Nevertheless, Plaintiff was explicitly told at the time of his termination that he was too old and that this was the reason for his termination.

18. Defendant wrongfully terminated Plaintiff after he worked diligently at a job that requires extensive and prolonged physical labor, frequently working for approximately 18 or more hours non-stop to ensure Defendant's business operations continued as planned.

19. Defendant has wholly failed to take any action to correct these abuses.

20. Defendant terminated Plaintiff's employment due to his age. Defendant's violation of the Age Discrimination in Employment Act was intentional, willful, malicious or in reckless disregard of Plaintiff's rights thereunder.

21. As a result, Plaintiff is entitled to all remedies and relief afforded by the Age Discrimination in Employment Act.

## Second Cause of Action

## Wrongful Termination / Tortious Breach of Contractual Relations

22. Plaintiff incorporates herein by reference paragraphs 1-21 as set forth above.

23. Termination of an at-will employee for reasons that violate public policy is prohibited by Oklahoma law.

24. Defendant explicitly told Plaintiff that his employment was being terminated because he was "too old."

25. Plaintiff is entitled to recover from Defendant any and all actual compensatory damages he sustained as a result of Defendant's act of wrongful damages, as well as punitive damages.

## Third Cause of Action

## Gross Negligence

26. Plaintiff incorporates herein by reference paragraphs 1-25 as set forth above.

27. Defendant was under a duty to act as an ordinary and reasonably prudent employer would in not terminating its employees for reasons that are manifestly against public policy.

28. Defendant was grossly negligent in failing to investigate Plaintiff's work performance history before terminating him. Defendant's gross negligence is further evidenced by its use of a manager who had never even observed Plaintiff's work performance to terminate his employment.

29. Defendant's acts were done with intent, recklessly, willfully and with full knowledge of the consequences.

30. As a direct and proximate result of Defendant's gross negligence, Plaintiff suffered mental anguish and emotional distress, substantial economic loss, sleeplessness and loss of enjoyment of life, all to his damage in an amount in excess of $75,000.00, excluding interest, costs and attorney's fees.

31.     Plaintiff further seeks punitive and exemplary damages against Defendant, in order to punish Defendant and set an example for others not to engage in similar conduct.

## Jury Trial Requested

32.     All of the above stated claims and causes of action arise from and form part of the same case and controversy and Plaintiff is entitled to and hereby requests a jury trial as to each and every cause of action or claim asserted herein. Pursuant to Fed. R. Civ. P. 38, and LCvR 81.1, Defendant demands a trial by jury in connection with the instant dispute.

WHEREFORE, Plaintiff prays for judgment as follows:

A. Actual damages;

B. All compensatory damages including, but not limited to, emotional distress, mental anguish and damage to reputation.

C. Punitive or exemplary damages;

D. Attorneys' fees, costs and such other further relief as the Court deems reasonable and proper.

Respectfully submitted,

__s/Justin R. Williams_____
Justin Williams, OBA No. 32539
OVERMAN LEGAL GROUP, PLLC
809 NW 36th St.,
Oklahoma City, Oklahoma 73118
Phone:      405-605-6718
Facsimile:  405-605-6719
Email:    justinwilliams@overmanlegal.com
**ATTORNEYS FOR PLAINTIFF**